UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATALIE AGUREYEV and DARYA IGAMBERDIEV, individually, and on behalf of all others similarly situated, | Civil Action No. 17-cv-7336 |
| Plaintiffs, | |
| -against- | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| H.K. SECOND AVE RESTAURANT INC., SHAHEEN KHAN and MAHA KHONDOKER, | |
| Defendants. | |

Plaintiffs, on behalf of themselves and all others similarly situated, by their attorneys, Slater Slater Schulman LLP, complaining of Defendants, respectfully allege, upon information and belief, the following:

## NATURE OF THE ACTION

1.     Plaintiffs Darya Igamberdiev (hereinafter referred to as "Plaintiff Igamberdiev") and Natalie Agureyev (hereinafter referred to as "Plaintiff Agureyev") worked for Defendants as waitresses at Defendants' restaurant known as "Bait & Hook" in Manhattan, New York.

2.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated current and former employees to seek redress against Defendants for Defendants' failure to pay Plaintiffs and Defendants' workers minimum wage, overtime wages, spread of hour wages and a failure to provide proper statements with each payment of wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

3.     Defendants' restaurant Bait & Hook is a seafood bar and restaurant that has been in operation for over six (6) years. Throughout the time they have operated Bait & Hook, Defendants have prospered from the free labor of their workers. Specifically, Defendants do not

1

pay any wages whatsoever to their employees, including Plaintiffs, and force their workers to rely solely upon customers' tips for compensation.

4.     Subject to Defendants' no pay policy throughout their employment, Plaintiffs worked a range of between twenty-four (24) to fifty (50) hours per week, and were compensated solely in customers' tips. As such, at no time during their employment did Plaintiffs receive any wages whatsoever, much less overtime and spread of hour wages.

## PARTIES

5.     Plaintiff Agureyev was and still is a resident of the County of Kings, State of New York.

6.     Plaintiff Igamberdiev was and still is a resident of the County of Suffolk, State of New York.

7.     Plaintiffs are covered employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Laws § 160 *et seq.* ("NYLL").

8.     Defendant H.K. Second Avenue Restaurant Inc. (hereinafter "Defendant H.K."), was and still is a domestic business corporation organized and existing by virtue of the laws of the State of New York.

9.     Defendant H.K. was and still is operating and/or doing business as "Bait & Hook".

10.     At all relevant times, Defendant Shaheen Khan was and still is a resident of the State of New York.

11.     At all relevant times, Defendant Shaheen Khan was and still is a principal, director and/or officer of Defendant H.K.

12.     Defendant Shaheen Khan was and still is in active control and management of Defendant H.K., regulates the employment of persons working for Defendant H.K., acts directly

2

and indirectly in the interest of Defendant H.K.in relation to its employees, and is thus an employer of Plaintiffs under the Fair Labor Standards Act and New York State Labor Law.

13.    At all relevant times, Defendant Maha Khondoker was and still is a resident of the State of New York.

14.    At all relevant times, Defendant Maha Khondoker was and still is a principal, director and/or officer of Defendant H.K.

15.    Defendant Maha Khondoker was and still is in active control and management of Defendant H.K., regulates the employment of persons working for Defendant H.K., acts directly and indirectly in the interest of Defendant H.K. in relation to its employees, and is thus an employer of Plaintiffs under the Fair Labor Standards Act and New York State Labor Law.

16.    Defendants are therefore covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiffs.

## JURISDICTION AND VENUE

17.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

18.    This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

19.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct a substantial amount of business within this judicial district.

## FACTS

20.     Defendants are the owners and/or operators of a seafood restaurant and bar known as "Bait & Hook" located at 231 2nd Avenue, New York, New York 10003.

21.     Defendants have operated Bait & Hook for over six (6) years and currently employ twenty (20) or more workers.

### *Plaintiff Natalie Agureyev*

22.     Plaintiff Agureyev worked for Defendants at Bait & Hook as a waitress from on or about April 10, 2015 through May 15, 2015.

23.     As a waitress, Plaintiff Agureyev's duties included, without limitation, taking orders and serving food and drinks to Defendants' customers.

24.     During her employment, Plaintiff Agureyev worked shifts between the hours of 4:00 p.m. and 1:00 a.m., with her work hours ranging from thirty (30) to forty-four (44) hours per week.

25.     Throughout her employment, Plaintiff Agureyev was compensated solely from customers' tips and did not receive any wages from the Defendants.

26.     Further, for the first two weeks of her employment, Plaintiff Agureyev did not receive any tips or wages because she was considered "in training".

27.     In addition, when Plaintiff Agureyev received her W-2 tax form from Defendants, they had fraudulently calculated her total wages as $5,600.00. However, in reality, Plaintiff Agureyev had received less than half this amount in tips during her employment, and did not receive any other wages from Defendants.

28.     As a result, Plaintiff Agureyev paid income taxes to the IRS and New York State for wages she never received.

4

*Plaintiff Darya Igamberdiev*

29.    Plaintiff Igamberdiev worked for Defendants at Bait & Hook as a waitress from in or about March 2015 through September 2015.

30.    As a waitress Plaintiff Igamberdiev's duties included, without limitation, taking orders and serving customers with food and drinks.

31.    During her employment, Plaintiff Igamberdiev worked shifts between the hours of 3:00 p.m. to 3:00 a.m., three to five days per week, for a range of twenty-four (24) to fifty (50) hours per week.

32.    Throughout her employment, Plaintiff Igamberdiev did not receive any wages from Defendants and was compensated solely from customers' tips.

*Violations*

33.    At all relevant times, Defendant Shaheen Khan was and still is responsible for hiring and firing, supervising, creating work schedules and assigning work tasks for Plaintiffs and the other workers at Defendant H.K.

34.    At all relevant times, Defendant Maha Khondoker was and still is responsible for hiring and firing, supervising, creating work schedules and assigning work tasks Plaintiffs and the other workers at Defendant H.K.

35.    At all relevant times, each of the Defendants have maintained control, oversight and authority over the Plaintiffs in the terms and conditions of Plaintiffs' employment and payment of wages, and are Plaintiffs' employer as defined under the FLSA and NYLL.

36.    The work performed by Plaintiffs was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

37.     Plaintiffs were not subject to a tip credit during their employment and were not provided with notice or informed tips would be credited against their wages pursuant to the FLSA, 29 U.S.C. 203(m) and NYLL, 12 NYCRR § 146–2.2.

38.     Plaintiffs were required to be paid a minimum wage rate of $8.75 per hour  from December 31, 2014 through December 30, 2015, pursuant to NYLL § 652.

39.     Defendants regularly failed to pay Plaintiffs the applicable minimum wage throughout their employment in violation of the FLSA and NYLL.

40.     Plaintiffs were entitled to be paid at least one and one-half times the minimum wage rate for each hour in excess of forty (40) hours that Plaintiffs worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

41.     Throughout their employment, Plaintiffs worked in excess of forty (40) hours per workweek and were entitled to receive overtime wages.

42.     Throughout their employment, Plaintiffs were not paid one and one-half times the minimum wage rate for any hours that Plaintiffs worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

43.     Plaintiffs were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to NYLL §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

44.     Throughout their employment, Plaintiffs worked shifts in excess of ten (10) hours per day and were entitled to receive spread of hours wages.

45.     Throughout their employment, Plaintiffs were not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiffs worked a spread of hours that

exceeded ten (10) hours or a shift that exceeded ten (10) hours, in violation of the NYLL and NYCRR.

46.    At all relevant times, Plaintiffs were entitled to wage statements indicating their regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of their employer; and itemized allowances and deductions.

47.    During their employment, Plaintiffs were not provided with wage statements.

## COLLECTIVE ACTION ALLEGATIONS

48.    Plaintiffs bring this action on behalf of themselves and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

49.    Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

50.    Plaintiffs bring the FLSA claims on behalf of themselves and others similarly situated, namely, employees of Defendants who worked as wait staff, servers and bartenders from the period of September 26, 2014 to the date of final judgment in this matter, who were not paid minimum wage or overtime wages for hours worked in excess of forty (40) hours per week, and who do not opt into this action (hereinafter referred to as the "Bait & Hook Collective").

51.    Upon information and belief, the Bait & Hook Collective consists of approximately one hundred (100) similarly situated individuals who have not been paid minimum wage and overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

52.    Defendants have failed to pay minimum wage and overtime wages owed to employees other than those in the Bait & Hook Collective, and Plaintiffs reserve the right to

broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

53.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and others similarly situated.

54.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

55.      Plaintiffs bring this case as a representative of a class of all other persons similarly situated.

56.     Plaintiffs seek the certification of a class of all persons who, during the relevant time period of September 26, 2011 to the date of final judgment in this matter, have been employed by Defendants as wait staff, servers and bartenders, were not paid minimum wage, overtime wages for hours worked in excess of forty (40) hours per week, were not paid spread of hours wages for shifts in excess of ten (10) hours in a workday, were not provided wage payment statements, and were not paid all of their wages (hereinafter referred to as the "Bait & Hook Class").

57.     Upon information and belief, the Bait & Hook Class includes over one hundred (100) similarly situated individuals who have not been paid minimum wage, overtime wages, spread of hours wages, who have not received wage payment statements, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

58.     The Bait & Hook Class is so numerous as to make it impracticable to join all members of the class as plaintiffs.

59.     There are questions of law and fact common to all members of the Bait & Hook Class, and those questions predominate over any question affecting only individual class members.

Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

60.    Common questions of law and fact include, but are not limited to, the following:

A.    Whether Defendants have consistently failed to pay Plaintiffs and class members the applicable minimum wage rate as required by the NYLL;

B.    Whether Defendants have consistently failed to pay Plaintiffs and class members overtime wages at one and one-half times their regular rate of pay or the minimum wage rate as required by the NYLL;

C.    Whether Defendants consistently failed to pay Plaintiffs and class members spread of hour wages as required by the NYLL;

D.    Whether Defendants have, in failing to make required payments to Plaintiffs and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

E.    Whether Defendants have consistently failed to provide wage payment statements and WTPA pay rate notifications as required by the NYLL.

61.    Plaintiffs' wage and hour claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of all class members and of Defendants' anticipated affirmative defenses thereto.

62.    Plaintiffs will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiffs are similarly situated with, and have suffered similar injuries as, the members of the class they seek to represent.

63.    Plaintiffs have retained counsel capable of handling class action suits. Neither Plaintiffs nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

64.    Class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

65.    Class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## CLASS and COLLECTIVE-WIDE FACTUAL ALLEGATIONS

66.    Plaintiffs and members of the Bait & Hook Collective and Class (hereinafter "Bait & Hook Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them, including without limitation, minimum wage, overtime wages, spread of hours wages and wage statements.

67.    As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiffs and the Bait & Hook Group by engaging in a pattern, practice and/or policy of violating the FLSA and NYLL.

68.    Defendants have substantially benefitted and profited from the work that Plaintiffs and the Bait & Hook Group have performed.

69.    Defendants failed to keep any records of the hours worked by the Plaintiffs and the Bait & Hook Group.

70.    Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

71.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

72.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiffs and the Bait & Hook Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Minimum Wage Under the FLSA)*

73.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

74.    At all relevant times, Plaintiffs and the Bait & Hook Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e) and Defendants employed Plaintiffs and the Bait & Hook Collective within the meaning of 29 U.S.C. § 203(g).

75.    At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

76.    At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

77.    As the Defendants shared control of the services of the Plaintiffs, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

78.    At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

79.    Plaintiffs and the Bait & Hook Collective were not subject to a tip credit and were not provided with notice or informed that a tip credit would be taken against their wages pursuant

to 29 U.S.C. 203(m).

80.     Defendants were required to pay Plaintiffs and the Bait & Hook Collective at a rate of $7.25 per hour from August 1, 2014 through present pursuant to 29 U.S.C. § 206(a).

81.     Defendants have violated 29 U.S.C. § 206(a) by failing to compensate Plaintiffs and the Bait & Hook Collective the applicable minimum hourly wage.

82.     As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Bait & Hook Collective the required minimum wage, Plaintiffs and the Bait & Hook Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216.

83.     Defendants willfully, knowingly and intentionally failed to compensate Plaintiffs and the Bait & Hook Collective the required minimum wage.

84.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Bait & Hook Collective.

85.     Due to Defendants' intentional and willful failure to pay Plaintiffs and the Bait & Hook Collective the applicable minimum wage, the Plaintiffs and the Bait & Hook Collective are entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
### (Minimum Wage Under the NYLL)

86.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth herein.

87.     At all relevant times, Plaintiffs and the Bait & Hook Class were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

88.    At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

89.    Plaintiffs and the Bait & Hook Class were not subject to a tip credit and were not provided with notice or informed that a tip credit would be taken against their wages pursuant to 12 NYCRR § 146–2.2.

90.    Plaintiffs and the Bait & Hook Class were required to be paid a minimum wage rate of (a) $7.25 per hour for all hours worked from January 1, 2011 through December 30, 2013; (b) $8.00 per hour from December 31, 2013 through December 30, 2014, (c) $8.75 per hour from December 31, 2014 through December 30, 2015, (d) $9.00 per hour from December 31, 2015 through December 30, 2016, and (e) $11.00 per hour from December 31, 2016 through present pursuant to NYLL § 652.

91.    Defendants have violated NYLL § 652 by failing to compensate Plaintiffs and the Bait & Hook Class the applicable minimum hourly wage.

92.    As a result of Defendants' violations of the law and failure to pay Plaintiffs and the Bait & Hook Class the required minimum wage, Plaintiffs and the Bait & Hook Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

93.    Defendants willfully, knowingly and intentionally failed to compensate Plaintiffs and the Bait & Hook Class the required minimum wage.

94.    Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiffs and the Bait & Hook Class.

95.    Due to Defendants' intentional and willful failure to pay Plaintiffs and the Bait & Hook Class the applicable minimum wage, Plaintiffs and the Bait & Hook Class are entitled to

13

additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime Under the FLSA)*

96.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth herein.

97.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

98.     Defendants required Plaintiffs and the Bait & Hook Collective to work more than forty (40) hours a week, and Plaintiffs regularly worked more than forty (40) hours a week throughout their employment.

99.     At no time have the Defendants paid Plaintiffs and the Bait & Hook Collective a rate of one and one half times the minimum wage rate for all of the hours Plaintiffs and the Bait & Hook Collective worked in excess of forty (40) hours per week.

100.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Bait & Hook Collective for overtime at a rate of one and one half times the minimum wage rate for all of the hours Plaintiffs and the Bait & Hook Collective worked in excess of forty (40) hours a week.

101.     As a result of Defendants' violations of the law and failures to pay Plaintiffs and the Bait & Hook Collective required overtime wages, Plaintiffs and the Bait & Hook Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

102.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Bait & Hook Collective was in compliance with the law, Plaintiffs and the Bait & Hook Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR THE FOURTH CAUSE OF ACTION
*(Overtime Under the NYLL)*

103.     Plaintiffs repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth herein.

104.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

105.     Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the minimum wage rate for any hours in excess of forty (40) worked in any workweek.

106.     Defendants required Plaintiffs and the Bait & Hook Class to work more than forty (40) hours a week, and Plaintiffs and the Bait & Hook Class regularly worked more than forty (40) hours a week throughout their employment.

107.     At no time have the Defendants paid Plaintiffs and the Bait & Hook Class a rate of one and one-half times the minimum wage rate for all of the hours Plaintiffs and the Bait & Hook Class worked in excess of forty (40) hours per week.

108.     Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Bait & Hook Class for overtime at a rate of one and one half times Plaintiffs' and the Bait & Hook Class hourly rate of pay for all of the hours Plaintiffs and the Bait & Hook Class worked in excess of forty (40) hours per week.

109.    As a result of Defendants' violations of the law and repeated failure to pay Plaintiffs and the Bait & Hook Class required regular and overtime wages, Plaintiffs and the Bait & Hook Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

110.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiffs and the Bait & Hook Class was in compliance with the law, Plaintiffs and the Bait & Hook Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### *(Spread of Hours Under the NYLL)*

111.    Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth herein.

112.    Defendants consistently required Plaintiffs and the Bait & Hook Class to work in excess of ten (10) hours per day each workday.

113.    Defendants failed to pay Plaintiffs and the Bait & Hook Class one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours, in violation of 12 NYCRR § 142-2.4.

114.    Defendants willfully, knowingly and intentionally did not compensate Plaintiffs and the Bait & Hook Class one extra hour's pay at minimum wage for every day in which the interval between their start and end times exceeded ten hours.

115.    Plaintiffs and the Bait & Hook Class are entitled to recover from Defendants the full amount of their unpaid wages originating from the spread of hours provision, along with all reasonable attorneys' fees, interest, and costs pursuant to NYLL§ 198.

116.    As Defendants did not have a good faith basis to believe that their failure to pay spread of hours wages to Plaintiffs and the Bait & Hook Class was in compliance with the law, Plaintiffs and the Bait & Hook Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE SIXTH CAUSE OF ACTION
*(Wage Payment Statements under the NYLL)*

117.    Plaintiffs repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if more fully set forth herein.

118.    At all relevant times, Defendants failed to provide Plaintiff and the Bait & Hook Class with the proper statements with every payment of wages, as required by NYLL § 195(1).

119.    As Defendants failed to provide Plaintiffs and the Bait & Hook Class with proper statements with every payment of wages as required by NYLL § 195(1), Plaintiffs and the Bait & Hook Class are entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE**, Plaintiffs seek the following relief:

A. On the First Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.  On the Second Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.  On the Third Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.  On the Fourth Cause of Action for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.  On the Fifth Cause of Action for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.  On the Sixth Cause of Action for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.  Interest;

H.  Costs and disbursements; and

I.  Such other and further relief as is just and proper.

Dated: Melville, New York
       September 26, 2017

                                        Respectfully submitted,
                                        SLATER SLATER SCHULMAN LLP


                                        By: /s/_____
                                        Matthew Madzelan, Esq.
                                        Attorneys for Plaintiffs
                                        445 Broad Hollow Road, Suite 334
                                        Melville, New York 11747
                                        (631) 420-9300