| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | Civil Action No.: 1:17-cv-7336 |

NATALIE AGUREYEV and DARYA IGAMBERDIEV, individually, and on behalf of all others similarly situated,

                        Plaintiffs,

    -against-

H.K. SECOND AVE RESTAURANT INC., SHAHEEN KHAN and MAHA KHONDOKER,

                        Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT

| | |
|---|---|
| Dated: January 19, 2018<br>      New York, NY | **TURTURRO LAW, P.C.**<br>By: /s/ Natraj S. Bhushan, Esq.<br>Natraj S. Bhushan, Esquire.<br><br>1602 McDonald Avenue<br>Brooklyn, NY 11230<br>Tel.: 718-384-2323<br>Email: natraj@turturrolawpc.com<br>*Attorneys for the Defendants* |

**Table of Contents**

ARGUMENT……………………………………………………………………. 1

    I.    PLAINTIFFS' FEDERAL CLAIMS UNDER FLSA
           ARE TIME BARRED……………………………………………. 1

    II.   THIS COURT SHOULD DECLINE SUPPLEMENTAL
           JURISDICTION………………………………………………….. 2

CONCLUSION………………………………………………………………….. 3

# **TABLE OF AUTHORITIES**

| | |
|---|---|
| **CASES** | **Page(s)** |
| *Galeana v Lemongrass on Broadway Corp.*, 120 F Supp 3d 306, 314-315 [SDNY 2013] | 1 |
| *Young v Cooper Cameron Corp.*, 586 F3d 201, 207 [2d Cir 2009]. | 1 |
| *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999). | 2 |
| *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986) | 3 |
| *McLearn v. Cowen & Co.*, 660 F.2d 845 (2d Cir. 1981). | 3 |
| *Birch v. Pioneer Credit Recovery, Inc.*, No. 06-CV-6497T, 2007 U.S. Dist. LEXIS 41834, 2007 WL | 4 |

**STATUTES**

| | |
|---|---|
| *Rule 12(b) (6)* | 1, 2 |
| *29 U.S.C.  §255(a)* | 1 |

Defendants H.K. Second Ave. Restaurant Inc. and Shaheen Khan (collectively "Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' Natalie Agureyev and Darya Igamberdiev (collectively, "Plaintiffs") Compliant pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure.

*Argument*

I. <u>PLAINTIFFS' FEDERAL CLAIMS UNDER FLSA ARE TIME BARRED</u>

Under the Fair Labor and Standards Act ("FLSA"), an action for unpaid minimum wages or unpaid overtime generally must be brought within two (2) years from the time the cause of action accrued. 29 U.S.C. §255(a); *Galeana v Lemongrass on Broadway Corp.,* 120 F Supp 3d 306, 314-315 [SDNY 2013]. The statute of limitations extends to three (3) years *only if* the violation was "willful." *Id*. This willfulness standard requires more than "mere negligence;" rather it requires that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by" the FLSA. *Young v Cooper Cameron Corp.*, 586 F3d 201, 207 [2d Cir 2009]. Thus, "if an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful" and "[t]he "plaintiff bears the burden of proof" on the issue of willfulness for statute of limitations purposes." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999).

Here, Plaintiffs filed their Complaint on September 26, 2017, which alleges two

causes of action under the FLSA[1], each failing to rise to the level of willfulness required by the FLSA for purposed of extending the statute of limitations. Specifically, Plaintiff Agureyey alleges to have began work for H.K. Second Ave Restaurant Inc. on or about April 10, 2015 and ended work on May 15, 2015. *See* Plaintiff's Complaint ¶ 22. The exact dates of Plaintiff Igamberdiev's employment for H.K. Second Ave Restaurant Inc. are not specified in Plaintiffs' Complaint, but are estimated to be on or around March 2015 to September 2015. *Id*. at ¶ 29. The rest of the Complaint is bereft of any allegations that suggest that any of the Defendants acted recklessly. Assuming arguendo as to all allegations set forth in the Complaint, at best, the conclusory references to willful allegations amount to unreasonable actions taken by the Plaintiffs' employer, H.K. Second Ave Restaurant Inc.  Accordingly, Plaintiffs first and third causes of action (for failure to pay minimum wage and overtime) under the FLSA are time-barred and should be dismissed with prejudice.

## II.        THIS COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

Absent "exceptional circumstances," where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should "abstain from exercising pendent jurisdiction." *Birch v. Pioneer Credit Recovery, Inc*., No. 06-CV-6497T, 2007 U.S. Dist. LEXIS 41834, at *15 (W.D.N.Y. June 8, 2007) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 53 (2d Cir. 1986)). Factors to consider in assessing whether "exceptional circumstances" which warrant the exercise of such jurisdiction are present include "(1) the length of time the matter has been pending before the federal

-2-

---

[1] The first cause of action is for failure to pay minimum wage under the FLSA and, the third cause of action is for failure to pay overtime under the FLSA. All other claims are alleged violations of New York Labor Law.

court; (2) the proximity of the trial date; and (3) the predominance of issues of federal, as opposed to local concern." Id. at *16 citing *McLearn v. Cowen & Co.,* 660 F.2d 845 (2d Cir. 1981). "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) or summary judgment grounds, courts should 'abstain from exercising pendent jurisdiction.'" *Birch v. Pioneer Credit Recovery, Inc*., No. 06-CV-6497T, 2007 U.S. Dist. LEXIS 41834, 2007 WL (*Krumholz v Vill. of Northport*, 873 F Supp 2d 481, 492 [EDNY 2012].) In view of the plaintiffs' time-barred federal claims under the FLSA, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over the Plaintiffs' remaining state law claims.

## *Conclusion*

Based upon the foregoing, all other supporting papers submitted herewith, Defendants respectfully request that the Court dismiss the Plaintiffs FLSA claims with prejudice and, decline to entertain supplemental jurisdiction over Plaintiffs' state law claims.

Dated: January 19, 2018  **TURTURRO LAW, P.C.**
      Brooklyn, NY  By: /s/ Natraj S. Bhushan, Esq.
Natraj S. Bhushan, Esquire.

1602 McDonald Ave
Brooklyn, NY 11230
Tel.: 718-384-2323
Email: natraj@turturrolawpc.com
*Attorneys for the Defendants*