UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATALIE AGUREYEV and DARYA IGAMBERDIEV,     Civil Action No. 17-cv-7336
individually, and on behalf of all others similarly situated,

                         Plaintiffs,

   -against-

H.K. SECOND AVE RESTAURANT INC., SHAHEEN
KHAN and MAHA KHONDOKER,

                         Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

                                           Respectfully submitted,
                                           SLATER SLATER SCHULMAN LLP

                                           By: /s/
                                           Matthew Madzelan, Esq.
                                           Attorneys for Plaintiffs
                                           445 Broad Hollow Road, Suite 334
                                           Melville, New York 11747
                                           (631) 420-9300

**TABLE OF CONTENTS**

| | |
|---|---|
| Introduction | 1 |
| Statement of Facts | 1, 2 |
| Argument | 4 |
|    I. Legal Standard | 4 |
|    II. The Question of Willfulness is a Fact Intensive Inquiry That Cannot be Determined on a Motion to Dismiss and Willfulness For Purposes of Pleading is a State of Mind That May be Generally Averred | 4 |
| Conclusion | 6 |

**TABLE OF AUTHORITIES**

| | |
|---|---|
| Chime v. Peak Sec. Plus, Inc., 137 F.Supp.3d 183, 192 (E.D.N.Y. 2015) | 5 |
| DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110 (2nd Cir. 2010) | 4 |
| Herman v. RSR Sec. Serv's Ltd., 172 F.3d 132, 142 (2nd Cir. 1999) | 6 |
| Kaur v. Royal Arcadia Palace, Inc., 643 F.Supp.2d 276, 297 (E.D.N.Y. 2007) | 5 |
| Litras v. PVM Intern. Corp., No. 11-cv-5695, 2013 WL 4118482 (E.D.N.Y. 2013) | 4, 5 |
| McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184 (2nd Cir. 2007) | 4 |
| Rahman v. Shiv Darshan, Inc., No. 12-cv-3457 (ILG) (CLP), 2013 U.S. Dist. LEXIS 24750 (S.D.N.Y. 2013) | 5 |
| Sikiotis v. Vitesse Worldwide Chaufeeured Services, Inc., 147 F.Supp.3d 39 (D.Conn. 2015) | 6 |
| Zubair v. EnTech Engineering P.C., 900 F.Supp.2d 355, 359 (S.D.N.Y. 2012) | 6 |

Plaintiffs, by their attorneys, Slater Slater Schulman LLP, respectfully submit this Memorandum of Law in Opposition to Defendants' borderline frivolous Motion to Dismiss.

## INTRODUCTION

Plaintiffs have commenced this action in connection with the Defendants' minimum wage, overtime, spread of hours and wage statement violations under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). More specifically, Plaintiffs were employed as waitresses at Defendants' restaurant Bait & Hook and received zero hourly wages, instead having to rely upon the Defendants' "tips only" policy to survive. Nevertheless, the Defendants have filed a pre-answer, pre-discovery motion to dismiss Plaintiffs' FLSA causes of action by speculating that Plaintiffs have failed to establish that Defendants violations were "willful" under the FLSA.

As described more fully herein, Defendants' motion should be denied as 1) the question as to whether the Defendants' failure to compensate Plaintiffs at any rate of pay, much less the applicable minimum wage and overtime, was willful is clearly a question of fact suitable for determination by a jury and patently improper for a Motion to Dismiss, and 2) Plaintiffs' Complaint sufficiently pleads and establishes that the Defendants' failure to pay any wage, minimum wage and overtime wages was committed knowingly and in reckless disregard of the FLSA, and was therefore willful.

## STATEMENT OF FACTS

Free labor, this was the policy and practice that the Defendants subjected their waitresses and bartenders to at Defendants' seafood bar and restaurant known as Bait & Hook, located in Manhattan, New York. Compl. ¶¶ 3-4. Pursuant to Defendants' employment practice of not paying its waitresses, including Plaintiffs, at any rate of pay throughout the time that they worked as waitresses for the Defendant Bait & Hook from in or around March 2015 through September 2015,

Plaintiffs were compensated solely in customer tips and did not receive any wages at any time from the Defendants. Id. at ¶¶ 2-4, 22-23, 25, 29, 30, 32.

Thus, Plaintiffs were completely deprived of and did not receive any wages for their collective hours worked ranging from twenty-four (24) to fifty (50) hours per week. Furthermore, Plaintiffs did not receive the applicable minimum wage or overtime wages at one and one-half times the minimum wage rate for hours worked in excess of forty (40) hours per week. Id. at ¶¶ 2-4, 24-42, 80-81, 91-91, 98-99, 106-07. Neither did Plaintiffs receive spread of hour wages of one extra hour at the minimum wage rate for workdays in excess of ten (10) hours. Id. at ¶¶ 2-4, 43-45, 112-13. As set forth in the Complaint, the foregoing failure by the Defendants to provide any wages to Plaintiffs was committed in a willful, knowing and intentional manner, and without a good faith effort to comply with the FLSA and NYLL. Id. at ¶¶ 83-85, 93-95, 100-02, 108-10, 114-16. Therefore, the Defendants' instant Motion to Dismiss must be dismissed in its entirety.

**ARGUMENT**

**I. Legal Standard**

Pursuant to the Federal Rules of Civil Procedure, a Complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief. DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110 (2nd Cir. 2010). In reviewing a motion to dismiss for failure to state a claim, all factual statements in the Complaint must be accepted as true and all reasonable inferences must be drawn in favor of the non-moving party, and the court's review is limited to the four corners of the Complaint. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184 (2nd Cir. 2007).

## II. The Question of Willfulness is a Fact Intensive Inquiry That Cannot be Determined on a Motion to Dismiss and Willfulness For Purposes of Pleading is a State of Mind That May be Generally Averred

Regarding violations of the FLSA, courts in the Second Circuit have "generally left the question of willfulness to the trier of fact". Litras v. PVM Intern. Corp., No. 11-cv-5695, 2013 WL 4118482, at *5–6 (E.D.N.Y. 2013). The basis for this standard is that the determination of whether "a violation of the FLSA is willful is a fact-intensive inquiry" and as such cannot be "appropriately resolved on a motion to dismiss". Kaur v. Royal Arcadia Palace, Inc., 643 F.Supp.2d 276, 297 (E.D.N.Y. 2007); see Rahman v. Shiv Darshan, Inc., No. 12-cv-3457 (ILG) (CLP), 2013 U.S. Dist. LEXIS 24750 (S.D.N.Y. 2013) ("it is hornbook that the state of one's mind, intent, can almost never be proved directly and invariably is proved circumstantially"); Litras, 2013 WL 4118482, at *5 ("whether a defendant's actions were willful is a factual question that *cannot* be decided on a motion to dismiss") (emphasis added). Moreover, "for purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed.R.Civ.P. 9(b), which states that the condition of the mind of a person may be averred generally". Litras, 2013 WL 4118482, at *5 (internal quotes and citations omitted).

As set forth in Plaintiffs' Complaint, the Defendants paid Plaintiffs $0.00 per hour for each and every hour Plaintiffs worked as waitresses. Compl. ¶¶ 2-4, 24-45, 80-81, 91-91, 98-99, 106-07, 112-13. Further, the Defendants' non-payment was not due to oversight or an inability to pay, but rather, it was a standard system imposed upon all wait staff and bartenders. Id. at ¶¶ 2-3, 48-85. In light of Defendants' failure to pay any wages, it is clearly averred in the Complaint that the Defendants systematic failure to pay their employees was committed willfully, intentionally and with knowledge that the practice was in violation of the basic minimum wage and overtime

requirements of the FLSA. Id. at ¶¶ 83-85, 93-95, 100-02, 108-10, 114-16; see Chime v. Peak Sec. Plus, Inc., 137 F.Supp.3d 183, 192 (E.D.N.Y. 2015) ("[a]lthough the plaintiff does not expressly allege the defendants' awareness of their FLSA violations, as noted, he need not do so; instead, his general averments of willfulness, coupled with [ ] events suggesting knowledge, more than suffice").

Despite the foregoing, the Defendants claim that their non-payment policy alleged in the Complaint does not support that the Defendants knew or acted in reckless disregard of the minimum wage and overtime requirements of the FLSA. The Defendants arguments are devoid of merit, and unsupported any evidentiary showing to the contrary. As sophisticated owners of a seafood restaurant in Manhattan, it defies belief that the Defendants did not have knowledge of minimum wage and overtime requirements for workers.

Even if it were assumed for the sake of argument that the Defendants did not know that employees are required to be paid minimum wage and overtime wages, the Defendants' complete blindness to the FLSA's requirements provides a prime example of their reckless disregard. It is undisputed that employers "have a duty to learn the applicable labor laws". Zubair v. EnTech Engineering P.C., 900 F.Supp.2d 355, 359 (S.D.N.Y. 2012); and "must take active steps to ascertain the dictates of the FLSA and then act to comply with them". See Herman v. RSR Sec. Serv's Ltd., 172 F.3d 132, 142 (2nd Cir. 1999). As reflected by the Defendants' no pay policy, Defendants did not take any steps to learn the minimum wage and overtime requirements of the FLSA, and as such acted in reckless disregard thereof.

Notwithstanding, should there be any question as to whether the Defendants' violated the FLSA knowingly or with reckless disregard as to constitute a willful violation, this is a fact intensive issue to be determined by the trier of fact, not on a motion for summary judgment, much

6

less a pre-answer, pre-discovery motion to dismiss. See <u>Sikiotis v. Vitesse Worldwide Chaufeeured Services, Inc.</u>, 147 F.Supp.3d 39, 47–48 (D.Conn. 2015) (motion to dismiss complaint for failure to state a claim for willful violations denied as allegations set forth that defendants knew that limousine drivers operating vehicles under 10,000 pounds were required to be paid overtime as the Corrections Act to the MCE was widely publicized).

## **CONCLUSION**

In light of the foregoing, it is respectfully requested that the Court deny Defendants' motion in its entirety. Alternatively, should the Court find that additional allegations are required for the Complaint beyond those alleged, it is respectfully requested that Plaintiffs be granted leave to file an amended complaint.

Dated: Melville, New York
      February 1, 2018

                                                      Respectfully submitted,
                                                      SLATER SLATER SCHULMAN LLP

                                                      By: /s/
                                                      Matthew Madzelan, Esq.
                                                      Attorneys for Plaintiffs
                                                      445 Broad Hollow Road, Suite 334
                                                      Melville, New York 11747
                                                      (631) 420-9300