```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
NATALIE AGUREYEV, et al.,           :
                   Plaintiffs,      :   17 Civ. 7336 (HBP)
     -against-                      :   OPINION
                                        AND ORDER
H.K. SECOND AVE. RESTAURANT INC.,   :
et al.,
                                    :
                   Defendants.
                                    :
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I. Introduction

By notice of motion, dated January 19, 2018, defendants move to dismiss plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., as time-barred (Plaintiff's Motion to Dismiss, dated Jan. 19, 2018, (Docket Item ("D.I.") 20) ("Def.'s Motion")). The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, defendants' motion is denied.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/12/18

II. Facts[1]

Plaintiffs commenced this action on September 26, 2017, asserting claims under the FLSA and New York Labor Law (the "NYLL"). Plaintiffs claim that defendants failed to compensate them with the minimum wage and overtime premium pay to which they were entitled (Compl. ¶¶ 73-110). According to the Complaint, plaintiffs were waitresses at defendants' bar and restaurant for varying, but overlapping, periods of time. Plaintiff Natalie Agureyev alleges that she worked for defendants from approximately April 10, 2015 through May 15, 2015, and plaintiff Darya Jgamberdiev alleges that she worked for defendants from approximately March 2015 through September 2015 (Compl. ¶¶ 22, 29). Agureyev alleges that she worked between 30 and 44 hours per week, and Jgamberdiev alleges that she worked between 24 and 50 hours per week (Compl. ¶¶ 24, 31). Plaintiffs claim that, throughout their employment, defendants implemented a "no-pay policy"; according to plaintiffs, the wait and bartending staff at defendants' restaurant, including plaintiffs, were compensated through customer tips only (Compl. ¶ 4). Agureyev also alleges that she received no compensation in either tips or wages from defendants during the first two weeks of her employment because

---

[1] I recite only those facts relevant to the resolution of the pending motion. The background of this case is set forth more fully in plaintiffs' complaint (Complaint, dated September 26, 2017 (D.I. 1) ("Compl.")).

2

she was considered by defendants to be "in training" (Compl. ¶ 26). Agureyev claims that she earned less than $2,600.00 in tips, but that defendants provided her with a bogus W-2 form that falsely stated she had earned $5,200.00 (Compl. ¶ 27).

Plaintiffs also assert additional claims under the NYLL, alleging that defendants failed to provide certain wage statements and notices as required under that law.

Defendants have not yet answered the Complaint.

On January 19, 2018, defendants moved to dismiss plaintiffs' FLSA claims with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that defendants' alleged violations occurred more than two years prior to the commencement of this action and are, therefore, time-barred (Defendants' Memorandum of Law in Support of Motion Dismiss, dated Jan. 18, 2018, ("Def.'s Mem."), annexed as Ex. 3 to Def.'s Motion). Defendants also argue that, because plaintiffs' FLSA claims are time-barred, I should refrain from exercising supplementary jurisdiction over plaintiffs' state law claims. Defendants acknowledge that the FLSA's statute of limitations may be extended to three years upon a showing that defendants' violations were "willful"; however, defendants argue that the Complaint is "bereft of any allegations that suggest that any defendants" acted willfully (Def.'s Mem. at 2).

3

III. Analysis

The general standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) are well settled and require only brief review:

> The Supreme Court has established a two step process for determining whether plaintiff has pled sufficient facts to overcome a motion to dismiss. A court must first ignore "mere conclusory statements" or legal conclusions, which are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Then, assuming the veracity of the remaining facts, "a complaint must contain sufficient factual matter . . . to 'state a claim [for] relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (Emphasis added). While this plausibility standard is not "akin to a 'probability requirement,'" it "asks for more than a sheer possibility that a defendant acted unlawfully." Id. (quoting Twombly, 559 U.S. at 556, 127 S.Ct. 1955). Pleading facts that are "'merely consistent with' a defendant's liability" is insufficient. Id. (quoting Twombly, 550 U.S. at 557, S.Ct. 1955).

Pungitore v. Barbera, 506 F. App'x 40, 42 (2d Cir. 2012) (summary order) (alteration, ellipsis & emphasis in the original).

"A cause of action under the FLSA accrues on the regular payday immediately following the period for which services were rendered and not properly compensated." Xu v. Ho, 111 F. Supp. 3d 274, 277-78 (E.D.N.Y. 2015), quoting D'Arpa v. Runway Towing Corp., 12-CV-1120, 2013 WL 3010810 at *5 (E.D.N.Y. June

4

18, 2013). "Under the FLSA, the statute of limitations is two years [after the claim accrues], but may be extended to three years if the claim arises from a 'willful' violation." Galeana v. Lemongrass on Broadway Corp., 120 F. Supp. 3d 306, 314-15 (S.D.N.Y. 2014) (Daniels, D.J.), quoting 29 U.S.C. § 255(a) and citing Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (Dolinger, M.J.). "The employee 'bears the burden of proof on the issue of willfulness for statute of limitations purposes.'" Perry v. City of New York, 13 Civ. 1015 (VSB), 2018 WL 1474401 at *7 (S.D.N.Y. Mar. 26, 2018) (Broderick, D.J.), quoting Parada v. Banco Indus. de Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014).

"In order to state a claim for a willful violation of the FLSA, the complaint must allege more than an ordinary violation." Sikiotis v. Vitesse Worldwide Chaufeeured Servs., Inc., supra, 147 F. Supp. 3d 39, 47 (D. Conn. 2015), citing Gorey v. Manheim Servs. Corp., 788 F. Supp. 2d 200, 209 (S.D.N.Y. 2011) (Gwin, D.J.); accord Marshall v. UBS Fin. Servs., Inc., 14 Civ 4384 (JGK), 2015 WL 4095232 at *4 (S.D.N.Y. July 7, 2015) (Koeltl, D.J.). Rather, a "'willful' violation means that 'the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by [the FLSA].'" Marshall v. UBS Fin. Servs., Inc., supra, 2015 WL 4095232 at *4, quoting Frasier v. Gen. Elec. Co., 930 F.2d 1004, 1008 (2d Cir. 1991)

5

(internal quotation marks omitted). "Therefore, a plaintiff must show more than that defendant 'should have known it was violating the law. Should have known implies negligence or reasonable person standard. Reckless disregard, in contrast, involves actual knowledge of a legal requirement and deliberate disregard of the risk that one is in violation.'" Sikiotis v. Vitesse Worldwide Chauefeeured Servs., Inc., supra, 147 F. Supp. 3d at 47-48, quoting Trimmer v. Barnes & Noble, Inc., 31 F. Supp. 3d 618, 627 (S.D.N.Y. 2014) (Koeltl, D.J.); accord Hart v. Rick's Cabaret Int'l, Inc., 967 F. Supp. 2d 901, 937-38 (S.D.N.Y. 2013) (Engelmayer, D.J.).

Whether plaintiff has sufficiently shown a willful violation is an issue ordinarily left to the trier of fact; it is not properly determined in the context of a Rule 12(b)(6) motion to dismiss. See Sikiotis v. Vitesse Worldwide Chaufeeured Servs., Inc., supra, 147 F. Supp. 3d at 48 ("Notably, courts have held that 'whether or not a violation of the FLSA is "willful" is a fact-intensive inquiry not appropriately resolved on a motion to dismiss.'" quoting Goodman v. Port Auth. of New York & New Jersey, 850 F. Supp. 2d 363, 381 (S.D.N.Y. 2012) (Sweet, D.J.)); see Chime v. Peak Sec. Plus, Inc., 137 F. Supp. 3d 183, 191 (E.D.N.Y. 2015) ("Courts considering [whether defendant was willful] on motions to dismiss tend to favor findings of willfulness."); Moran v. GTL Const., LLC, 06 Civ. 168 (SCR) 2007 WL

6

2142343 at (S.D.N.Y. July 24, 2007) (Robinson, D.J.) ("[W]hether a defendant's actions were willful is a factual question that cannot be decided on a motion to dismiss." (emphasis added)).

"Because 'willfulness' is a 'condition of the mind,' Federal Rule of Civil Procedure 9(b) governs its pleading requirements. Rule 9(b) states: 'Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.'" Marshall v. UBS Fin. Servs., Inc., supra, 2015 WL 4095232 at *4. "Conclusory allegations of willfulness are insufficient." Watkins v. First Student, Inc., 17 Civ. 1519 (CS), 2018 WL 1135480 at *7 (S.D.N.Y. Feb. 28, 2018) (Seibel, D.J.). Plaintiff must "plead sufficient facts to render plausible the conclusion that [d]efendant acted willfully." Watkins v. First Student, Inc., supra, 0218 WL 113540 at *8.

Plaintiffs have adequately done alleged willfulness. Plaintiffs allege that defendants implemented a policy under which defendants did not pay the wait staff and bartenders a single dime for their work; rather, these employees worked exclusively for tips (Pl.'s Mem. at 5, citing Compl. ¶¶ 2-3, 48-85). Plaintiffs allege that defendants implemented this policy despite having owned and operated the establishment for approximately six years (Compl. ¶ 3). For defendants' motion to succeed, I would have to conclude that experienced restauranteurs in New York City with at least six years' experience did not reck-

lessly disregard the law in concluding that they could employ staff to perform an essential function in their establishment and pay them nothing. See McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988) (FLSA violation is willful where "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute"). "Reckless disregard" is defined as a "failure to make adequate inquiry into whether [the employer's] conduct is in compliance with the [FLSA]." 5 C.F.R. § 551.104.

Based on the allegations in the Complaint, I cannot reasonably conclude that defendants did not, at the very least, recklessly disregard their legal obligations to their employees. This is not a case in which defendants are alleged to paid the incorrect minimum wage rate, mis-classified employees, applied the tip credit incorrectly, required tipped employees to share tips with non-tipped employees or committed some other arguably technical violation. Defendants allegedly paid the plaintiffs nothing for working between 24 and 50 hours per week. I cannot believe that defendants' alleged conduct was not at least a reckless, if not an intentional, violation of the law. "The showing required to establish such reckless disregard is low, for a plaintiff need only show 'that the employer knew or had reason to know that it was or might have been subject to the FLSA.'" Martinez v. Alimentos Saludables Corp., 16 CV 1997 (DLI)(CLP),

8

2017 WL 5033650 at *10 (E.D.N.Y. Sept. 22, 2017), quoting Padilla v. Sheldon Rabin, M.D., P.C., 176 F. Supp. 3d 290, 300 (E.D.N.Y. 2016). Given the grossness of the alleged violation, defendants's alleged experience in the trade and the minimal showing required at the pleading stage, I conclude that plaintiffs have adequately alleged willfulness, and if plaintiffs succeed in proving willfulness, their FLSA claims will be timely.

IV. Conclusion

Accordingly, for all the foregoing reasons, defendants' motion to dismiss plaintiffs' FLSA claims is denied. Defendants are directed to serve and file their answer no later than September 26, 2018. All counsel are ro report for a scheduling conference on October 4, 2018 at 11:30 a.m. in Courtroom 18-A, 500 Pearl Street, New York, New York. The Clerk of the Court is respectfully requested to mark Docket Item 20 closed.

Dated: New York, New York
September 12, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel